This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Akron Metropolitan Housing Authority ("AMHA"), appeals from the judgment of the Akron Municipal Court. We affirm.
On June 25, 2001, the trial court adopted the decision of the magistrate which denied AMHA's request for a writ of restitution. In denying the writ, the magistrate noted that AMHA had failed to prove that Alberta Jacobs had violated the terms of her lease. This appeal followed.
AMHA asserts two assignments of error. We will address them together to facilitate review.
 First Assignment of Error THE TRIAL COURT MAGISTRATE ERRED IN CONCLUDING THAT THE PLAINTIFF FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE GREEN LEAFY SUBSTANCE IN QUESTION WAS MARIJUANA, A CONTROLLED SUBSTANCE.
 Second Assignment of Error THE TRIAL COURT MAGISTRATE ERRED IN CONCLUDING THAT PLAINTIFF FAILED TO PROVE THAT THE MARIJUANA BELONGED TO THE DEFENDANT OR THAT SHE KNOWINGLY ALLOWED MR. JONES TO BRING SAME [sic.] INTO HER APARTMENT.
In the first assignment of error, AMHA asserts that the trial court erred in finding that AMHA had not met their burden of proving that the substance in question was marijuana. In the second assignment of error, AMHA asserts that the trial court erred when it did not adequately consider what possession means pursuant to Ohio law.
Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion [in accordance with Civ.R. 53]." If a party does not file any objections to a magistrate's finding or conclusion, that party thereafter waives the right to challenge either the finding or conclusion on appeal. Green v.Clair (Feb. 14, 2001), Summit App. No. 20271, unreported, at 3, citingWright v. Mayon (July 2, 1997), Summit App. No. 18050, unreported, at 3. Accordingly, as AMHA failed to file objections to the magistrate's decision, AMHA has waived the right to challenge the decision on appeal.
AMHA's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.